UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF PENNSYLVANIA
WILKES-BARRE DIVISION

| | |
|---|---|
| IN RE:<br><br>Thomas Demetrius Green<br>and Siwana Sheron Green,<br><br>    Debtors. | Bk. No. 5:16-bk-04795-JJT<br><br><br>CHAPTER 13 |
| The Bank of New York Mellon fka The Bank of New York as Trustee for the Certificateholders of CWABS, Inc., Asset-Backed Certificates, Series 2005-7, its assignees and/or successors in interest,<br><br>    Movant<br><br>    and<br><br>Thomas Demetrius Green<br>and Siwana Sheron Green;<br>Charles J. DeHart, III, Trustee,<br><br>    Respondents. | **HEARING DATE:**<br>Thursday, February 21, 2019<br>9:30 a.m. |

## MOTION FOR ORDER GRANTING RELIEF FROM AUTOMATIC STAY

The Bank of New York Mellon fka The Bank of New York as Trustee for the Certificateholders of CWABS, Inc., Asset-Backed Certificates, Series 2005-7, its assignees and/or successors in interest, ("Movant" herein) alleges as follows:

1.    That on or about November 22, 2016, the above named Debtors filed their Chapter 13 Petition in Bankruptcy with this Court.

2.    Movant holds the senior mortgage on the subject Property.

3.    Movant is the current payee of promissory note dated June 6, 2005 in the principal amount of $252,800.00 ("Note" herein) secured by said senior mortgage of same date

1

("Mortgage" herein) upon property generally described as **307 B Rena Drive, Effort, Pennsylvania 18330** and legally described as set forth in the Mortgage attached hereto as **Exhibit "A"** and made a part hereof ("Property" herein). Movant was assigned the beneficial interest in said Mortgage by an Assignment of Mortgage dated September 2, 2011.

4. Debtors and Movant participated in Loss Mitigation through the Court sanctions Mortgage Modification Mediation Program. However, Movant did not receive all of the documentation necessary for the review process. On October 19, 2018, a cancellation notice was furnished via the DMM Portal. Debtor was advised that the borrowers could reapply by submitting a new loan modification package before the Loss Mitigation Order expired on December 31, 2018. However, no new package was uploaded.

5. Carrington Mortgage Services, LLC services the loan on the Property referenced in this Motion. In the event the automatic stay in this case is modified, this case dismisses, and/or the Debtor obtains a discharge and a foreclosure action is commenced on the mortgaged property, the foreclosure will be conducted in the name of Movant. Movant, directly or through an agent, has possession of the promissory note. Movant will enforce the promissory note as transferee in possession. Movant is the original mortgagee or beneficiary or the assignee of the Mortgage.

6. As of December 21, 2018, the outstanding Obligations are:

| Principal | $353,471.29 |
|---|---|
| Interest from 06/01/15 to 01/15/2019 | $59,207.67 |
| Escrow/Impound Required | $31,626.53 |
| Late Charges Due | $328.70 |
| Deferred Amounts | $23,004.85 |
| Payoff Funds Required | $467,639.04 |

7. In addition to the other amounts due to Movant reflected herein, as of the date hereof, in connection with seeking the relief requested in the Motion, Movant has also incurred $1,031.00 in legal fees and costs. Movant reserves all rights to seek an award or allowance of such fees and costs in accordance with applicable loan documents and related agreements, the Bankruptcy Code and otherwise applicable law.

8. The following chart refers only to the number and amount of outstanding post-petition payments due pursuant to the terms of the Note. Any payments that have been or may be received post-petition are applied to the next <u>contractual</u> post-petition date.

| Number of Missed Payments | From | To | Monthly Payment Amount | Total Missed Payments |
|---|---|---|---|---|
| 24 | 02/01/2017 | 01/01/2019 | $2,392.38 | $57,417.12 |
| | | | Less partial post-petition payments: | ($1,910.43) |
| | | | **Total:** | **$55,506.69** |

9. A post-petition payment history, showing a detailing breakdown of payments due and funds received, is attached hereto as **Exhibit "B"** and made a part hereof.

10. Movant has not initiated foreclosure proceedings on the Property with respect to the subject Mortgage. Movant is precluded from proceeding to publish the necessary notices and commence said foreclosure action during the pendency of this Bankruptcy.

11. There are no other mortgages or liens upon the Property.

12. Based upon the foregoing, Movant alleges that Movant is not adequately protected, that the subject Property is not necessary to effectuate Debtor's rehabilitation, and that it would be unfair and inequitable to delay this Movant in the foreclosure of Movant's interest. Movant urges that this Court issue an Order herein permitting this Movant to proceed to a Foreclosure Sale of the Property, including necessary action to obtain possession of the Property.

13. The commercially reasonable value of the Property is approximately $245,698.00, as evidenced by the Debtors' Schedules A/B and D, attached hereto as **Exhibit "C"** and made a part hereof.

14. This Court has jurisdiction of this action pursuant to the provisions of Title 28 U.S.C. §§ 1334 and 157 and 11 U.S.C. § 362(d).

WHEREFORE, Movant prays judgment as follows:

1.) For an Order granting relief from the Automatic Stay, permitting this Movant to move ahead with foreclosure proceedings under Movant's Mortgage, and to sell the subject Property

under the terms of said Mortgage, including necessary action to obtain possession of the Property.

    2.) In the alternative, for an Order requiring:

       a) the Debtor to reinstate and maintain in a current condition all obligations due under all of the mortgages encumbering the subject Property, including Movant's Mortgage and including tax/insurance obligations, and reimbursement to Movant of any sums advanced on behalf of Debtor in order to protect Movant's interest in the subject Property; and

       b) allowing this Movant to proceed with a Foreclosure Sale of the Property and obtain possession thereof, upon the failure of Debtor to maintain the above-referenced payments in a current status.

    3.) For such Order regarding adequate protection of Movant's interest as this Court deems proper.

    4.) For an Order that, in addition to foreclosure, permits activity necessary to obtain possession of said collateral; therefore, all communications sent by Secured Creditor in connection with proceeding against the property including, but not limited to, notices required by state law and communications to offer and provide information with regard to a potential Forbearance Agreement, Loan Modification, Refinance Agreement, Loss Mitigation Agreement, or other Loan Workout, may be sent directly to Debtors.

    5.) For an Order waiving the 14-day stay described by Bankruptcy Rule 4001(a)(3).

    6.) For such other relief as this Court deems appropriate.

4

Case 5:16-bk-04795-JJT    Doc 69    Filed 01/04/19    Entered 01/04/19 14:30:46    Desc
Main Document    Page 4 of 5

Dated: January 4, 2019       MESTER & SCHWARTZ, P.C.

/s/ Jason Brett Schwartz
Jason Brett Schwartz, Esquire
Retained Counsel for Movant
1333 Race Street
Philadelphia, PA 19107
Telephone (267) 909-9036
Facsimile (215) 665-1393
E-Mail: jschwartz@mesterschwartz.com
C.241-6538.NF